UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Criminal No. 09-155 (PJS/FLN)

      Plaintiff,

      v.                                                 **REPORT AND**
                                                            **RECOMMENDATION**

Robert Edward Harner,

      Defendant.

_____

Nathan P. Petterson, Assistant United States Attorney, for the Government.
Manny K. Atwal, Assistant Federal Defender, for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 16,

2009, on Defendant's Motion To Suppress Evidence Obtained As A Result Of Search And Seizure

[#13].  The matter was referred to the undersigned for Report and Recommendation pursuant to 28

U.S.C. § 636 and Local Rule 72.1.  For the reasons which follow, this Court recommends

Defendant's motion be **DENIED**.

## I.  FINDINGS OF FACT

On June 9, 2009, Defendant Robert Edward Harner was indicted and charged with

possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. §

2252(b)(2). (Indictment, Doc. No. 1.)  The Defendant's Motion To Suppress Evidence Obtained

As A Result Of Search and Seizure challenges a state search warrant for the Defendant's

Minneapolis residence.  (Doc. No. 13; Gov't Ex. 1.)  Defendant contends that the evidence found

on his computer pursuant to the execution of the search warrant should be suppressed pursuant to

Federal Rule of Criminal Procedure 12 because the warrant was issued without a sufficient

showing of probable cause in the supporting affidavit.  (Doc. No. 13.)

The search warrant in question was issued on March 9, 2007 for the Defendant's Hennepin County residence on Grand Street, NE, Minneapolis, Minnesota. (Gov't Ex. 1.) The search warrant was requested by City of Minneapolis Police Officer Dale Hanson, who was assigned to the Minneapolis Crime Lab unit as a computer forensic examiner/investigator. *Id.* Officer Hanson is a member of the Minnesota Internet Crimes Against Children Task Force and the Minnesota Cyber Crime Task Force. *Id.* The warrant, signed by Hennepin County Judge Janet N. Poston of the Fourth Judicial District Court of the State of Minnesota, authorized a search for property and things including: computer systems; data contained on hard drives or removable media that may show the distribution of child pornography; papers and effects that tend to show the possession or distribution of child pornography or the enticement of children online; programs and manuals relating to operating systems or applications; notes and other documentation that may reveal passwords; proof of residency and documentation relating to the Internet; digital camera equipment; video tapes; and proof of residency. *Id.*

Officer Hanson's affidavit in support of the search warrant consists of approximately four pages of small, single-spaced type. (Gov't Ex. 1 at Application.) The first three pages of the fact description in the supporting affidavit are devoted to a description of how the Internet can be used to facilitate crimes against children by those who get sexual gratification from viewing images of children or interacting with minors. *Id.* The description also includes a long explanation of how these activities are typically investigated. *Id.* The affidavit states that one of the ways child pornography is distributed on the Internet is by peer-to-peer sharing of computer files. *Id.* The affidavit explains that the Internet Crimes Against Children (ICAC) Task Force maintains a list of files that are "known to belong to movies or images of known child

pornography." *Id.* Each file on the ICAC list has a digital signature called a SHA1 signature or a SHA1 value. *Id.* SHA1 is an acronym for Secure Hash Algorithm Version 1, which is a software used to verify the unique identity of individual files regardless of the name given to the file. *Id.* The affidavit states that files processed with the Secure Hash Algorithm result in the digital SHA1 signature. *Id.* It further states that if two files are processed by the Secure Hash Algorithm and result in the same SHA1 digital signature, it is possible to conclude "with a precision that greatly exceeds 99.9 percent certainty" that the two files are identical. *Id.* Thus, the affidavit states, police investigators typically use a software that locates files on computers, processes the files with the Secure Hash Algorithm to reveal the SHA1 digital signature, and then compares the revealed SHA1 digital signatures with the ICAC Task Force list of "bad" SHA1 numbers. *Id.* at 4 ("Your Affiant was able to compare the offered SHA1 signatures with SHA1 signatures known to belong to movies or images of known child pornography."). It appears from the affidavit that when investigators find files with SHA1 values matching the ICAC list, these files are assumed to be child pornography. The affidavit does not state how the ICAC has determined that the files on its list meet the federal or Minnesota definition of child pornography or whether there has been any judicial determination that the files on the ICAC list meet the federal or Minnesota definition of child pornography.

The only part of the affidavit specifically swearing to knowledge of the Defendant's activities or the current case is the last six paragraphs of the fact description section, beginning with the last line of the fourth page of the application. *Id.* The affidavit states that on February 12, 2007 at approximately 6:44 p.m., Officer Hanson located a publicly-shared file from an IP address in Minneapolis. *Id.* That IP address was found to match the IP address of a Comcast

subscriber at Defendant's residence. *Id.* The host computer at the IP address was offering to distribute 1,156 files. *Id.* The affidavit states that 16 of those files, or 1.38 percent of the 1,156 files, were found to have SHA1 values matching the SHA1 values of files on the ICAC list. *Id.* Officer Hanson downloaded one half of one of the 16 files before the host at the IP address disconnected. *Id.* The partially-downloaded file was a video with the filename "sg0(Pthc) 15yo 11yo Schwester Part 1.mpg." Officer Hanson viewed the partial video file and stated that it depicts "a 13-15 year old girl" engaging in sexual activities with an adult female. *Id.* The affidavit does not state how Officer Hanson determined that the girl was between the ages of 13 and 15. The affidavit then concludes that "this file are [sic] child pornography as defined my [sic] MN Statute 617.247." *Id.* The affidavit gives no indication as to how this legal conclusion was made.

Officer Hanson executed the search warrant at Defendant's residence on March 12, 2009 at 10:45 a.m., seizing computers, hard drives, digital storage, digital camera equipment, and miscellaneous documents. (Gov't Ex. 1 at Receipt, Inventory and Return.)

## II. STANDARD OF REVIEW

Under well-established Fourth Amendment jurisprudence, a valid search warrant must be supported by an affidavit providing the magistrate with a substantial basis for determining the existence of probable cause to believe a search would uncover evidence of wrongdoing. *Illinois v. Gates*, 462 U.S. 213, 236-39 (1983). "Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others. In order to ensure that such an abdication of the magistrate's duty does not occur, courts must continue to conscientiously review the sufficiency

of affidavits on which warrants are issued." *Id.* at 239. However, because "reasonable minds" may differ as to whether a particular affidavit establishes probable cause, the Supreme Court has established a "good-faith" exception to the warrant requirement according great deference to a magistrate's probable cause determination. *United States v. Leon*, 468 U.S. 897, 914 (1984) (citing *Spinelli v. United States*, 393 U.S. 410, 419 (1969)). The *Leon* Court established that reliable physical evidence seized by officers reasonably relying on a warrant issued by a detached and neutral magistrate should be admissible in the prosecution's case in chief. *Id.* at 913. However, if a warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable", the *Leon* good-faith exception to the warrant requirement does not apply. *Id.* at 922-23.

Under the *Leon* framework, a reviewing court may analyze the Fourth Amendment probable cause issue to determine whether the application supports the magistrate's determination before turning to whether the officers acted reasonably. *Id.* at 925-926 ("[N]othing will prevent reviewing courts from deciding [the Fourth Amendment] question before turning to the good-faith issue. Indeed, it frequently will be difficult to determine whether the officers acted reasonably without resolving the Fourth Amendment issue."). Thus, the Court will first analyze the sufficiency of the warrant's supporting affidavit before turning to an examination of whether the *Leon* good-faith exception should apply to the circumstances of this case.

### III.    LEGAL ANALYSIS

**A.  The Supporting Affidavit Does Not Set Forth Facts Establishing Probable Cause To Believe Evidence Of a Crime Would Be Found At Defendant's Residence**

The first issue is whether the search warrant application here could support the magistrate's probable-cause determination. A valid search warrant must be supported by an affidavit providing the magistrate with a substantial basis for determining the existence of probable cause to believe a search would uncover evidence of wrongdoing. *Illinois v. Gates*, 462 U.S. at 236-39. A supporting affidavit that consists of bare conclusions or conclusory allegations cannot support a finding of probable cause. *Id.* Veracity, reliability, and basis of knowledge are "highly relevant" in determining whether a supporting affidavit establishes probable cause. *Alabama v. White*, 496 U.S. 325, 328 (1990). Further, boilerplate language concerning previous investigations serves no purpose toward establishing probable cause and must be disregarded. *Ybarra v. Illinois*, 444 U.S. 85, 90 (1979) (search must be supported by probable cause particularized to defendant); *see also United States v. Weber*, 923 F.2d 1338, 1345-46 (9th Cir. 1991)(boilerplate statements "may have added fat to the affidavit, but certainly no muscle").

Here, the affidavit is padded with a lengthy description of how Internet distribution of child pornography works and how "typical" computer investigations of child pornography proceed. This information is not sufficiently particularized to the Defendant and must be disregarded. The remaining information in the affidavit that does relate to the Defendant also fails to establish probable cause. The affidavit provides no evidence that the 16 suspect files were advertised as child pornography; it simply offers a conclusion that the suspect IP address "was offering to participate in the distribution of child pornography." (Gov't Ex. 1 at Application.) This conclusion is not supported by sufficient evidence that a search of Defendant's residence would uncover evidence of wrongdoing. First, less than 1.5 percent of the

1,156 files on the Defendants' computer matched SHA1 values from the ICAC list – hardly overwhelming evidence that the Defendant knowingly possessed prohibited files. Second, the affidavit provides no information as to how the ICAC compiled its list of child pornography files or how the ICAC determined that the files on its list meet the legal definition of child pornography under state or federal law. Third, the affidavit does not even provide a description of the 16 files on the ICAC list that allegedly match the files on Defendant's computer. Without a description of the files, it is impossible to tell whether these files are photos or videos, much less whether the photos or videos depict child pornography. This means that even if it were reasonable to believe that the Defendant's files matched the 16 ICAC files, the magistrate had no way to tell whether the 16 ICAC files met the legal definition of child pornography. Therefore, without more, the statement that 16 of 1,156 files Defendant's computer had SHA1 values matching 16 files on the ICAC list is insufficient to establish probable cause to believe that a search of Defendant's residence would result in evidence of wrongdoing.

This leaves only the evidence that of one half of one video file found on Defendant's computer depicted a female engaged in sexual activities. Although the affidavit states that the female seen in the video was between 13 and 15 years of age, it provides no indication of how this age determination was made. The affidavit provides no "basis of knowledge" for the conclusion that the female depicted in the partial video file is between the ages of 13-15, or even that the female is under 18 (such as, for example, evidence of an examination of the file by a pediatrician or other qualified expert.) Certainly, the bare statement that the conclusion about a post-pubescent individual's age was based on Officer Hanson's general "training and experience" is facially insufficient to establish probable cause. *Gates*, 462 U.S. at 239. Further,

the affidavit concludes, without explanation or analysis, that the file is prohibited child pornography as defined by Minn. Stat. § 617.247. Under *Minnesota v. Cannady*, a 2007 Minnesota Supreme Court case analyzing and interpreting this statute, in order to prove a violation of Minn. Stat. § 617.247 the government must prove that 1) not only are the persons depicted in pornographic work actually under the age of 18, but also 2) that the individual who possessed the pornographic work actually knew that the persons depicted were under the age of 18. *Cannady*, 727 N.W.2d 403, 407-09 (2007). The affidavit fails to provide sufficient evidence to support a finding of probable cause as to either element.

In sum, the Court concludes that the officer's application here is insufficient to support a finding of probable cause, and that therefore the search warrant was issued in violation of the Fourth Amendment.

### B. Even Though No Probable Cause Existed To Support The Search Warrant, The *Leon* Good Faith Exception Applies

Although the warrant here was issued in violation of the Fourth Amendment's probable cause requirement, suppression of the evidence discovered as a result of Officer Hanson's search is improper. The purpose of the Fourth Amendment exclusionary rule is to deter unlawful police conduct, and the rule's purpose will not be served by excluding evidence obtained by police acting in reasonable reliance upon a subsequently invalidated search warrant. *Leon*, 468 U.S. at 918-19, 926. However, if a warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable", the *Leon* good-faith exception does not apply. *Id.* at 922-23. Absent here are allegations that the signing magistrate abandoned her detached and neutral role, or that the officers were dishonest or reckless in preparing their affidavit. Further, "reasonable minds"may differ as to whether a particular

affidavit establishes probable cause. *Id.* at 914.  Thus, the Court finds that the warrant here was not based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.  As the Court finds that the officers here acted in reasonable reliance on the search warrant, the Defendant's motion to suppress evidence obtained from the search of his residence must be denied.

## IV.     RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that  Defendant's Motion To Suppress Evidence Obtained As A Result Of Search And Seizure [#13] be **DENIED**.

DATED: August 4, 2009                                  *s/ Franklin L. Noel*
                                                                        FRANKLIN L. NOEL
                                                                        United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 18, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **August 18, 2009** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.