UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 09-CR-0155 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER ADOPTING IN PART REPORT AND RECOMMENDATION |
| ROBERT EDWARD HARNER, | |
| Defendant. | |

Nathan P. Petterson, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Manvir K. Atwal, FEDERAL DEFENDER'S OFFICE, for defendant.

Defendant Robert Harner is charged with possessing child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). This matter is before the Court on the parties' objections to Magistrate Judge Franklin L. Noel's August 4, 2009 Report and Recommendation ("R&R"). Judge Noel recommends denying Harner's motion to suppress evidence discovered on Harner's computer during the execution of a search warrant. Judge Noel found that the warrant was not supported by probable cause but that, under the good-faith exception of *United States v. Leon*, 468 U.S. 897 (1984), the evidence should not be suppressed. The government objects to Judge Noel's finding that the warrant was issued without probable cause; Harner objects to Judge Noel's finding that the good-faith exception applies.

The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). Based on that review, the Court sustains the government's objection and finds that the warrant was supported by probable cause. The Court further finds that, even if the warrant was not supported by probable cause, the good-faith exception of *Leon* applies, and the evidence

should not be suppressed. Accordingly, the Court adopts Judge Noel's recommendation that Harner's motion to suppress evidence be denied.

## I. BACKGROUND

The facts are fully set forth in the R&R and only briefly summarized here.

The search warrant in question was issued on March 9, 2007 at the request of Officer Dale Hanson of the Minneapolis Police Department. Officer Hanson is a computer forensic examiner and investigator and a member of the Minnesota Internet Crimes Against Children Task Force ("ICAC"). His affidavit in support of the search warrant explains that ICAC maintains a list of computer files that depict child pornography. The list identifies each file by a digital signature known as a "SHA1 signature" or a "SHA1 value." A "SHA1 signature" is like a digital fingerprint; it can be used to identify an individual computer file regardless of the name given to the file.

On February 12, 2007, Officer Hanson located a publicly shared file that was traced to the IP address of a computer at Harner's residence. The host computer at the IP address was offering to distribute 1,156 files, sixteen of which were found to have SHA1 signatures that matched signatures on the ICAC list. Officer Hanson successfully downloaded and viewed a portion of one file, which he found to be a video depicting an adult female engaged in sexual contact with a thirteen-to-fifteen-year-old girl. Based on this information, Officer Hanson sought and obtained the search warrant at issue.

## II. ANALYSIS

To determine whether an affidavit provides probable cause to issue a warrant, courts apply a "totality-of-the-circumstances" test. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). This

test is a "practical, common-sense" inquiry into whether, given all the circumstances set forth in the affidavit, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* A reviewing court does not conduct a de novo review of the issuing court's decision; rather, a reviewing court is tasked with determining whether there was a "substantial basis" for the issuing court's conclusion that probable cause existed. *Id.* at 236 (citation and quotations omitted).

Having carefully considered the information in Officer Hanson's affidavit, the Court respectfully disagrees with Judge Noel's conclusion that probable cause for issuance of the search warrant was lacking. Officer Hanson actually downloaded and viewed a video from Harner's computer that, according to Officer Hanson, depicted a thirteen-to-fifteen-year-old girl engaging in sexual activities with an adult female. Judge Noel faulted the affidavit for failing to set forth the basis on which Officer Hanson concluded that the female in the video was under the age of eighteen, and noted that the video had not been examined by a pediatrician or other qualified expert.

Judge Noel asked too much. The Eighth Circuit has found that a search warrant was supported by probable cause when the warrant was issued on the basis of a computer technician's report that he saw what he believed to be child pornography on a customer's computer. *See United States v. Grant*, 490 F.3d 627, 632 (8th Cir. 2007). A computer technician is not a pediatrician or other qualified expert, and most computer technicians have far less experience identifying child pornography than Officer Hanson. If the report of a computer technician that he saw child pornography on a computer provides probable cause for a search warrant, then so too

does a report by an experienced investigator that a video he downloaded from a computer contained images of child pornography.

The Eighth Circuit has also said that, in a child pornography trial, a jury may decide that an image depicts an individual under the age of eighteen based on nothing but the image itself. *See United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) (stating that "parts of the videotape were viewed by the jury, which thus was in a position to draw its independent conclusions as to the age of the performers"); *see also Becht v. United States*, 403 F.3d 541, 549 (8th Cir. 2005) (explaining that a jury may find that images depict real children based only on a review of the images themselves); *United States v. Vig*, 167 F.3d 443, 449 (8th Cir. 1999) (same). If ordinary citizens serving on a jury can find, based on nothing more than looking at an image, that the image depicts child pornography — and can do so beyond a reasonable doubt — then surely an experienced investigator can provide probable cause for a search warrant based on nothing more than looking at an image. Put differently, if the testimony of a pediatrician or other qualified expert is not necessary to convict, it is surely not necessary to establish probable cause. *Cf. United States v. Koelling*, 992 F.2d 817, 822 (8th Cir. 1993) ("Most minors look like minors and most adults look like adults, and most of the time most law enforcement officers can tell the difference. The Constitution requires no greater precision.").

In short, Officer Hanson's sworn statement that he viewed part of a video downloaded from Harner's computer — and that, in his opinion, the video depicted an adult female having sex with a minor female — was sufficient to establish probable cause for the warrant. Moreover, there was no need for Officer Hanson to recite that he was relying on his own everyday life

experience in drawing his conclusions. The issuing judge could infer as much from the affidavit. All people rely on their life experiences whenever they reach conclusions about anything.

Even if Officer Hanson had not viewed one of the files from Harner's computer, there would likely have been probable cause to issue the warrant under *United States v. Cartier*, 543 F.3d 442 (8th Cir. 2008). In *Cartier*, a foreign law-enforcement agency — the Spanish Guardia Civil Computer Crime Unit ("SGCCCU") — compiled a list of computer files, identified by unique digital signatures, that were "known to be child pornography." *Id.* at 445. The SGCCCU notified the FBI when a computer located in a North Dakota home downloaded some of the files. *Id.* at 444-45. Without downloading or reviewing any files from the computer in question, the FBI obtained a search warrant for the North Dakota home. *Id.* at 446. There is no suggestion in the Eighth Circuit's opinion that the FBI reviewed the files on the SGCCCU list to determine whether they contained child pornography, nor is there any explanation of how the files were "known to be child pornography." Yet the Eighth Circuit upheld the search warrant on the basis of evidence that the FBI generally regarded the SGCCCU to be a reliable agency. *Id.* at 446-47. In this case, Officer Hanson's affidavit states that ICAC — for whom Officer Hanson works — maintained a database of suspect files and developed computer software to compare SHA1 values. Gov't Ex. 1 at 4-5. Under *Cartier*, this is likely sufficient to establish probable cause.

Finally, even if the Court is incorrect in concluding that the search warrant was supported by probable cause, the Court agrees with Judge Noel that Harner's motion should be denied on the basis of *United States v. Leon*, 468 U.S. 897 (1984). Under *Leon*, the exclusionary rule does not apply when evidence is seized in reasonable, good-faith reliance on a facially valid warrant

that is later found to be defective. There are four circumstances under which an officer's reliance on a warrant is objectively unreasonable:

> (1) when the affidavit or testimony in support of the warrant included a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge; (2) when the judge wholly abandoned his judicial role in issuing the warrant; (3) when the affidavit in support of the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) when the warrant is so facially deficient that the executing officer could not reasonably presume the warrant to be valid.

*Grant*, 490 F.3d at 632-33 (citations and quotations omitted).

None of these circumstances apply in this case. There is no suggestion that Officer Hanson's affidavit contained any false statements, much less statements that were knowingly or recklessly false. Nor is there any suggestion that the state judge who issued the warrant abandoned her judicial role. Given that two judges (the state judge who issued the warrant and the federal judge who is issuing this order) have now concluded that Officer Hanson's affidavit established probable cause, Officer Hanson's belief in the existence of probable cause, even if mistaken, was surely objectively reasonable. Finally, the warrant is not facially deficient; it particularly describes the place to be searched and the things to be seized. *Leon*, 468 U.S. at 923. Thus, even if the search warrant was not supported by probable cause, the good-faith exception of *Leon* would apply. The Court therefore concludes that Harner's motion to suppress must be denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Defendant's objection [Docket No. 25] is OVERRULED.

2. The government's objection [Docket No. 26] is SUSTAINED.

3. The Court ADOPTS IN PART the R&R [Docket No. 23]. Specifically, the Court finds that the warrant was supported by probable cause and declines to adopt the R&R insofar as it finds otherwise. The Court adopts the R&R insofar as it finds that the good-faith exception recognized in *United States v. Leon*, 468 U.S. 897 (1984) is applicable.

4. Defendant's motion to suppress evidence obtained as a result of search and seizure [Docket No. 13] is DENIED.

Dated: September 1, 2009

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge